UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| VANESSA WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-132-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FREEDOM MORTGAGE | ) | **MEMORANDUM OPINION** |
| CORPORATION, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Freedom Mortgage Corporation's ("Freedom Mortgage") motion to dismiss Plaintiff Vanessa Wilson's ("Wilson") Complaint.[1]  Wilson failed to file a response to the defendant's motion despite being granted an extension of time to respond.  Having considered the matter, the Court will dismiss Wilson's Complaint because it does not meet minimum pleading standards and fails to state a claim upon which relief can be granted.

Proceeding without counsel, Wilson filed a Complaint in the Fayette Circuit Court on November 8, 2024.  *See Wilson v. Freedom Mortgage Corp., et al.*, 24-CI-4108.  Wilson alleged in that action  that Freedom Mortgage overcharged her every month from 2019 through 2024.  Additionally, she alleged that Freedom Mortgage falsely reported her to credit bureaus,

---

[1] Wilson named Freedom Mortgage Corporation and Freedom Mortgage Cash Department as defendants.  However, Freedom Mortgage Corporation reports that Freedom Mortgage Cash Department is its internal department and is not separate legal entity that can be sued.  [Record No. 6 at 1].  For this reason, and in light of the plaintiff's failure to respond to the defendant's motion to dismiss, the Court will consider Freedom Mortgage Corporation the sole defendant in this matter.

"falsely filed a foreclosure on [her] in April 2023," double-billed her for certain months, falsely charged her late fees, and withdrew funds from her checking account and did not apply them toward her mortgage. Wilson did not cite any particular provision of law she believed the defendant had violated.

Freedom Mortgage filed a motion to dismiss on February 27, 2025, arguing that Wilson's Complaint did not meet basic pleading requirements and did not state a claim upon which relief could be granted. The Fayette Circuit Court denied Freedom Mortgage's motion, acknowledging that Wilson's Complaint was deficient but granting her leave to amend it on or before April 20, 2025. The court noted that nothing in its order would preclude the defendant from filing a subsequent motion to dismiss.

Wilson filed a collection of documents on April 3, 2025, which included an affidavit, a demand for relief, a list of the laws Wilson believes the defendants have violated (including the Real Estate Settlement Procedures Act and the Truth in Lending Act), and various exhibits. Wilson's affidavit is somewhat difficult to follow, but she alleges that the defendant overcharged her "every month" and refuses to give her a refund. [Record No. 1-1 at 23]. Freedom Mortgage removed the action to this Court on April 17, 2025, based on federal question jurisdiction.

On April 24, the defendant moved to dismiss the action, arguing that Wilson's "amended complaint" fails to meet basic pleading standards and does not state any cognizable claim upon which relief can be granted. Wilson was given more than five weeks to respond to the defendants' motion but failed to do so. *See* L.R. 7.1(c) ("Unless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion."); Record No. 8 (granting Wilson's motion for an extension of time to respond).

When a plaintiff fails to respond or otherwise oppose a defendant's motion, the Court may conclude that the plaintiff has waived opposition to the motion. *See Humphrey v. United States Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. May 15, 2008). This is true even with respect to *pro se* litigants, who are "still required to follow the rules of civil procedure and easily understood Court deadlines." *Akaazau v. Walker Novak Legal Grp.*, No. 1:19-CV-31, 2019 WL 2388096, at *1 (W.D. Mich. Mar. 6, 2019) (quoting *Ciavone v. McKee*, No. 1:08-CV-771, 2009 WL 2959737, at *6 (W.D. Mich. Sept. 10, 2009)).

While Wilson's Complaint can be dismissed based solely on her failure to respond to the defendants' motion, the Court has reviewed her submission and finds that dismissal is appropriate otherwise. After the Fayette Circuit Court permitted Wilson to file an amended complaint, she merely submitted an affidavit which includes a confusing narrative containing conclusory allegations, *i.e.*, that the defendants overcharged her and refuse to provide her with a refund. [Record No. 1-1 at 23]. In a separate document, Wilson demands that the defendants "fix [her] credit report," refund her money, direct payments to her mortgage, and keep her mortgage payment "the same until all the legal issues are resolved." *Id.* at 26. Wilson separately lists the laws she believes the defendants have violated, which include regulations implemented under the Real Estate Settlement Procedures Act, 12 C.F.R. §§ 1024.41(f), (g), (j); 1024.34(a), (b), and the Truth in Lending Act, 12 C.F.R. § 1026.36(c)(1).

The hodgepodge of documents Wilson filed do not satisfy basic pleading requirements under federal or state law.[2] Rule 8 of the Federal Rules of Civil Procedure requires a pleading that states a claim for relief to contain "a short and plain statement of the claim showing that

---

[2] The Federal Rules of Civil Procedure apply to a civil action after it is removed from a state court. Fed. R. Civ. P. 81(c).

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *See also* Ky. R. Civ. P. 8.01; 8.05. Moreover, plaintiffs are required to state their claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). *See also* Ky. R. Civ. P. 10.02. Wilson's pleading does not comply with these requirements.

Consequently, Wilson also fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). She cites provisions of law suggesting that the defendant improperly foreclosed on her property, *see* 12 C.F.R. § 1024.41(f), (g), (j), failed to credit payments to her account, *see* 12 C.F.R. § 1026.36(c)(1), did not pay agreed upon taxes, insurance premiums, or other charges, *see* 12 C.F.R. § 1024.34(a), and failed to refund her escrow balance, *see* 12 C.F.R. § 1024.34(b). While detailed factual allegations are not required, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Even when construed liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Wilson's unadorned allegations that the defendant overcharged her, that her account is incorrect, and that the defendant refuses to refund her are insufficient to proceed past the pleading stage. *See Iqbal*, 556 U.S. at 678. Accordingly, it is hereby

**ORDERED** as follows:

1. The defendant's motion to dismiss [Record No. 6] is **GRANTED**.

2. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: June 6, 2025.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky